**Order filed October 5, 2021.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-21-00091-CV
_____

**THOMPSON HANCOCK WITTE & ASSOCIATES, INC., Appellant**

**V.**

**STANLEY SPURLING & HAMILTON, INC., Appellee**

**On Appeal from the 55th District Court
Harris County, Texas
Trial Court Cause No. 2016-81155-A**

## ORDER

On July 6, 2021, this court abated the above-captioned appeal pending supplementation of the clerk's record. This court ordered the trial court clerk to provide a supplemental clerk's record containing documents relevant to the present appeal which were solely provided in the clerk's record for Appeal No. 14-20-00827-CV within 21 days of the date of that order. The trial court's docket indicates the appellant has relatedly made a request to the trial court for a supplemental clerk's record. But despite this court issuing letters to the trial court on July 29, 2021 and

August 24, 2021 requesting that the supplemental record be forwarded, the trial court clerk still has not provided the requested record.

Accordingly, we direct the judge of the 55th District Court to conduct a hearing at which the trial court clerk, appellant's counsel, and appellee's counsel shall participate (a) to determine the reason for failure to file the record; and (b) to establish a date certain when the supplemental clerk's record shall be filed. We order the trial court to prepare a record, in the form of a reporter's record, of the hearing. The judge shall reduce its findings to writing and have a supplemental clerk's record prepared containing those findings. The hearing record and supplemental clerk's record shall be filed with the clerk of this court within **30 days** of the date of this order.

The appeal remains abated, treated as a closed case, and removed from this court's active docket pending supplementation of the clerk's record for this appeal and filing of the record from the hearing. The appeal will be reinstated on this court's active docket when the trial court clerk supplements the record with the documents necessary to fully resolve this appeal, or when the parties file a motion to dismiss the appeal or other dispositive motion. The court will also consider an appropriate motion to reinstate the appeal filed by any party, or the court may reinstate the appeal on its own motion.


PER CURIAM


Panel Consists of Justices Wise, Bourliot, and Zimmerer.